**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| FEDERAL EXPRESS CORPORATION, | ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 2:26-cv-02055-SHL-cgc |
| A-TEAM LOGISTICS GROUP INC., | ) ) | |
| Defendants. | ) ) | |

**ORDER GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO SERVE
DEFENDANT AND FOR ALTERNATIVE SERVICE OF PROCESS**

Before the Court is Plaintiff Federal Express Corporation's ("FedEx") Motion for Leave to Serve Process via the California Secretary of State, filed June 15, 2026. (ECF No. 12.) On January 19, 2026, FedEx brought this breach of contract action to collect over $890,000 that A-Team allegedly owes it for shipping services. (ECF No. 1 at PageID 2.) FedEx's original deadline for serving A-Team was April 20, 2026. See Fed. R. Civ. P. 4(m), 6(a)(1)(C). The Court granted FedEx a forty-five-day extension of time to serve A-Team because of its protracted, unsuccessful attempts since February 4, 2026, to effectuate service. (ECF No. 9.)

Specifically, FedEx sought to serve A-Team six different times at its business address in Walnut, California. (Id. at PageID 32.) It also attempted service on A-Team's registered agent, Michael Wang, in April 2026. Those attempts failed, as its process server could not find anyone at the business address or any individuals matching Wang's physical description at his suspected residential address. The prior order extended FedEx's service deadline to June 5, 2026.

FedEx seeks another extension of twenty-one days to serve process on A-Team through the California Secretary of State pursuant to Federal Rule 4(h)(1)(A) (which allows service of process under the law of the state in which service is made), the California Code of Civil

Procedure, and California Corporations Code.  (ECF No. 12.)  In its Motion, FedEx avers that, in the period between the prior order and its new June deadline, it attempted to serve A-Team through mail sent to both A-Team's business address and Wang's alleged residential address. (ECF No. 12-1 at PageID 43.)  Each mailing included an acknowledgment of receipt form and a prepaid return envelope, but neither A-Team nor Wang has returned the forms or responded to the mail.  (Id.)  FedEx argues that it has diligently attempted to serve A-Team, but, because of the obstacles it has faced, it meets the prerequisites for an court order authorizing service through the California Secretary of State.  (Id. at PageID 46.)

Federal Rule of Civil Procedure 4(m) governs the deadline for service of process.  Fed. R. Civ. P. 4(m).  Under Rule 4(m), a court must either dismiss an action "or order that service be made within a specified time" if service is not made within ninety days after the complaint is filed.  Id.  However, upon a showing by a plaintiff of good cause for failure to timely effectuate service, a court "must extend the time for service for an appropriate period."  Id.

Federal Rule 4(h)(1)(A) authorizes service of a corporation "in the manner prescribed by Rule 4(e)(1) for serving an individual."  Fed. R. Civ. P. 4(h)(1)(A).  Rule 4(e) authorizes service by following the forum state's service rules or the rules of the state "where service is made." Fed. R. Civ. P. 4(e)(1).  Thus, both Tennessee and California service laws apply here.  Under California law, a corporation may be served pursuant to the California Corporations Code if a plaintiff shows an inability to find a corporate defendant's designated agent.  Cal. Code Civ. Proc. § 416.10(d) (authorizing service under the California Corporations Code); Cal. Corp. Code § 1702(a).  Specifically, under Cal. Corp. Code § 1702(a), "if [an] agent designated cannot with reasonable diligence be found at the address designated for personally delivering the process . . . and it is shown by affidavit to the satisfaction of the court that process against a domestic

corporation cannot be served with reasonable diligence upon the designated agent by hand," a court may order service "upon the corporation by delivering" service to the Secretary of State. Cal. Corp. Code § 1702(a).

Service of process "must comport with due process." LSJ Inv. Co. v. O.L.D., Inc., 167 F.3d 320, 323 (6th Cir. 1999). Due process requires that service be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Mullane v. Cent. Hanover Bank & Tr. Co., 339 U.S. 306, 314 (1950) (collecting cases).

FedEx has shown good cause for another extension of its service deadline and for an order allowing service on the Secretary of State. First, FedEx has explained its months of attempts to serve A-Team and its repeated attempts to contact Wang to notify him of this action. All of its attempts, of which there are now more than six, have failed. FedEx has acted with reasonable diligence, and yet efforts have not resulted in effective service. Therefore, it meets the requirements under Cal. Corp. Code § 1702(a).

Second, FedEx has shown that, under the circumstances, service on the California Secretary of State is one of the few effective methods for serving A-Team, as it is allegedly incorporated under California law. (See ECF No. 1 at PageID 1.) A-Team's substantial rights would not be prejudiced by this method of service, especially given that its business location has been uninhabited during prior service attempts and Wang has not been found. When faced with a defendant "playing hide-and-seek with the federal court," alternative service "may be the only means of effecting service of process." See Rio Properties, Inc. v. Rio Intern. Interlink, 284 F.3d 1007, 1018 (9th Cir. 2002). FedEx has shown that service through certified mail and email would be reasonably calculated to give notice to A-Team and afford it an opportunity to respond.

3

In light of the foregoing, FedEx's motion is **GRANTED**.  FedEx is **AUTHORIZED** to serve A-Team Logistics Group Inc., under the methods outlined in California Corporations Code Section 1702, including by serving the California Secretary of State.  FedEx shall effectuate such service and file proof of service on the docket within **twenty-one days** of this Order.  It is also cautioned that this deadline will not be extended again.

**IT IS SO ORDERED,** this 6th day of July, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE